IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD STALEY,

       Plaintiff

VS.

JAMES DONALD, *et al.*,

       Defendants

NO. 5:05-CV-188 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

  Before the court are a number of motions in the above-styled action, the first being the plaintiff's October 26, 2006 MOTION FOR DISCOVERY, which asks for the court's permission to amend his complaint and permit more, specific allegations against John Doe #1, the commissioner of the Department of Corrections. Tab #15. The subject matter of the plaintiff's amendment is based on the same facts and circumstances surrounding the original [amended] complaint (Tab #9-2). Accordingly, the additional specific allegations contained in the plaintiff's motion to amend (Tab #15) should be permitted and it is therefore **GRANTED IN PART** as consistent with this order.

  The remainder of the plaintiff's October 26th motion, as well as the plaintiff's motion dated December 20, 2006 (Tab #19) and the update to that motion filed the following day (Tab #20), deal with discovery disputes. Defendants Donald and Head have filed one collective response to those motions (Tab #29) to which the plaintiff has replied (Tab #31). After careful review, the plaintiff's motions are **PARTIALLY GRANTED** as detailed below.[1]

---

[1] In the interest of organization, this order will deal with the discovery requests with the same numbering system used by the defendants in their response (Tab #29).

### A. Motion for Defendants to Provide Readable Discovery Copies.

The parties argue about whether the copies provided to the plaintiff are legible, but provide no copies for the court to review to make any ruling thereon. Accordingly, the court will take no action other than reminding all parties that they must make a reasonable effort to provide each other with legible copies of all documents.

### B. Motion for Hancock State Prison to Allow Staley Some Timely Way to Obtain Photocopies:

The defendants argue that this issue has been mooted because the plaintiff obtained copies of the documents that he initially sought. Plaintiff claims that obtaining photocopies has been an ongoing problem through the course of his litigation. Prisons must allow for their inmates to effectively litigate cases; they may do so my affording them sufficient time to make handwritten notes from their files or by permitting them to photocopy documents provided they remit payment therefor. Accordingly, the prison staff and management are **ORDERED** to provide for a reasonable way to accommodate Plaintiff's needs.

### C. Motion for Court to Order Defendants to Comply with Discovery – Via a Motion to Compel an Court Order

Defendants have served responses to the discovery requests. The only objection plaintiff makes is that the defendants incorrectly attached one of the documents. Defendants are ORDERED to provide plaintiff with the correct documents if they have not already done so.[2]

#### 1. Failure to Allow Discovery of Entire Medical File

The defendants and prison management are **ORDERED** to provide Plaintiff one **FINAL** opportunity to review his entire medical file and make copies therefrom at his own expense.

---

[2]Any documents or information parties are herein ordered to provide to each other shall be done as soon as practical, and in no case shall it be more than THIRTY (30) DAYS from the date of this order.

### 2. Certification and $3.00 Charge

This issue is MOOT.

### 3. Documents Provided by Defendants in Response to Plaintiff's First Discovery Requests of Discovery

Plaintiff apparently would like the defendants to staple their correspondence with him. The defendants are under no obligation to comply with the plaintiff's formatting wishes.

### 4. Content of Documents Provided by Defendants in Response to Plaintiff's First Requests for Discovery

### INTERROGATORY NO. 1A
### Names and addresses of inmates assigned to G building

The information plaintiff requests presents a serious security concern and is overbroad. Plaintiff has been provided with a list of witnesses, and the defendants are not required to do any more in this area.

### INTERROGATORY NO. 1B
### Names and titles of all medical and security staff

Defendants have assured the plaintiff that they do not know and cannot find out the identities of the still unknown John Doe and Jane Doe defendants. There is nothing more they can do, so their objection is valid.

### INTERROGATORY NO. 1C
### Names and titles of prison staff who transported plaintiff to hospital

The defendants claim that the information requested is not available. They cannot be asked to provide something that does not exist. However, it appears to the undersigned that such information ought to be a matter of record. Accordingly, the defendants are directed to search again for this information and provide the name of such person to the plaintiff or further explain to the court why they are unable to do so.

## INTERROGATORY NO. 1D
## Names and contact information for hospital and doctors

As ordered above, Plaintiff will receive one final opportunity to review his medical file. Any doctors who saw Plaintiff would have put his information in that file.

## INTERROGATORY NO. 2A
## Copies of G Building log book

Plaintiff contends that the copies furnished to him are not legible. Defendants are ORDERED to provide a more legible copy if one exists.

## INTERROGATORY NO. 2B
## Radio Log

This issue has been mooted.

## INTERROGATORY NO. 2C
## Log book from November 27th onward

Plaintiff is again asking for a document that does not exist, and that the defendants cannot be asked to furnish.

## INTERROGATORY NO. 2D
## Follow-up Disciplinary Report

Plaintiff requests information regarding the disciplinary report on his alleged assaulter, Edward Brown. Plaintiff contends that this information could demonstrate a pattern of refusing to "punish predatory inmates, thus establishing and condoning" assaults. In light of the claims involved in this lawsuit, plaintiff's argument is persuasive. Meanwhile, the defendants' contention that disseminating such information would represent a security concern is not supported by anything other than a conclusory statement. The defendants are ORDERED to provide the plaintiff with the information he requested OR provide the court with a better explanation as to how giving the plaintiff that information could compromise security.

### INTERROGATORY NO. 2E

Defendants have responded to the plaintiff's request.

### INTERROGATORY NO. 2F

Defendants have provided plaintiff with this information.

### INTERROGATORY NO. 2G
### Information on assaults and thefts in GDC

In this request, plaintiff asks for a data compilation for assaults or thefts at all facilities in the GDC. Such a request is overbroad. However, he should be provided a reasonable amount of that information, as such information would be vital to his case.

Accordingly, the defendants are ORDERED to provide the plaintiff with a history of assaults that occurred only at Autry State prison in the two years prior to the assault alleged here, if a record of such assaults exists. Again, the defendants have provided a conclusory statement regarding security concerns and will again be provided with an opportunity to convince the court that their security concerns are justified.

### INTERROGATORY NO. 2H

Defendants have provided plaintiff with this information.

### INTERROGATORY NO. 2J

Plaintiff asks for the criminal and mental classifications and disciplinary report history of inmate Edward Brown, the plaintiff's alleged assaulter. Such appears to be relevant to the issue presented herein. Accordingly, the defendants are directed to provide this information to plaintiff.

## INTERROGATORY NO. 3
## Information regarding John and Jane Doe defendants

The defendants again assert that the requested information does not exist. As such, they can not furnish it.

## INTERROGATORY NO. 4A
## Commissioner and Warden job descriptions

The defendants claim that they "cannot determine from Plaintiff's explanation what additional information he believes he is entitled to." The undersigned is similarly confused. Even in his response, plaintiff does not clarify exactly what he is looking for: "Staley asked to clarify this [] "to establish their duties for GDC and Autry State Prison 'as related to disputed facts'." Because it is unclear what Plaintiff is asking for, his request is **DENIED**.

## INTERROGATORY NO. 4E
## Information regarding the number of assaults and thefts at Autry State

Defendants again assert that the only issue is the one time that Plaintiff was assaulted and therefore refuse to give him any information regarding other assaults in Georgia prisons. However, plaintiff's claims against the warden and commissioner might be bolstered by a showing that assaults are common and could be easily prevented. So while plaintiff's original request is overly broad because it includes thefts, defendants are ORDERED to provide plaintiff with the *number* of assaults requiring medical care that have occurred in Autry State Prison over the two years prior to the alleged assault upon plaintiff. Notwithstanding this direction, if the defendants can make a valid showing to the court as to why the requested information constitutes a security concern, the court will reconsider their objection.

## INTERROGATORY NO. 5A

It is unclear what the plaintiff is asking for in this request, and it is therefore **DENIED**.

## OTHER REQUESTS

All other requests appear to have been sufficiently answered by defendants or have been previously dealt with in this Order and are therefore **DENIED**.

Finally, all parties heretofore served have filed motions to extend this discovery period. Defendants Donald and Head at Tabs #24, #25, #38, and #39; plaintiff at Tab #19. Those motions are **GRANTED** and discovery with respect to those parties shall conclude **SIXTY (60) DAYS** from the date of this order.

SO ORDERED AND DIRECTED this 11th day of JULY, 2007.



CLAUDE W. HICKS
UNITED STATES MAGISTRATE JUDGE