IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD STALEY,

                       Plaintiff

VS.

JAMES DONALD, *et al.*,

                       Defendants

NO. 5:05-CV-188 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

On August 21, 2007, C. Ashley Royal, district judge, issued an OMNIBUS ORDER in the above-styled case which remanded unresolved issues to the undersigned. Tab #65. Thereafter, the undersigned directed the parties to apprise the court of all motions still pending. Tab #66. The parties responded (defendants at Tab #72; plaintiff at Tabs #71 and #73). This order comes as a result of those responses and is intended to resolve all pending motions.

As an initial matter, plaintiff Staley is reminded that this action before this court deals with an alleged assault. Out of his original 18 count complaint, his allegation of assault is the ONLY claim remaining. Simply because the plaintiff has a lawsuit pending in this court does not give him the right to grieve directly with this court every inconvenience he encounters with respect to his current incarceration: any and all motions dealing with circumstances not involving the complaint (as amended) in this case or directly dealing with his ability to litigate this case **MUST** be denied. Staley is, or course, free to file *separate* lawsuits regarding any of the alleged actions of prison authorities if he feels his constitutional rights are being violated, assuming he has exhausted his administrative remedies with respect to such claims.

### Motion for Protective Order (Tab #41)

Plaintiff Staley's Motion for Protective Order (Tab #41) was made moot by a change in the local operating procedure at the prison in which Staley was incarcerated. *See* Tab #57. The motion is therefore **DENIED**.

### Plaintiff's August 5, 2007 Multiple Motions (Tab #62)

The plaintiff's August 5th motion (filed with the court on August 8, 2007) asks that the court force the Department of Corrections to stop retaliating and harassing him, with a specific emphasis on the fact that since filing grievances and/or lawsuits the plaintiff has been shuttled among prisons. Such is not the subject of the instant suit, and the motion is **DENIED** to the extent it seeks any intervention with respect to where the plaintiff is housed.[1]

The August 5th motion then asks that the court make some sort of investigation into the mail system at the prisons; the motion also makes allegations about issues ranging from time spent outside to general medical care to forcing the inmates to iron their clothing. These too are areas that are **<u>FAR</u>** beyond the scope of the instant lawsuit and not properly before the court. Accordingly, to the extent the plaintiff wishes this court to intervene with respect to the delivery of mail to prisoners, etc. within the Department of Corrections, his motion is **DENIED**.

### Confiscated Property

Staley's response to the court's August 23rd Order contains a section devoted to allegations of improper confiscation of the plaintiff's property including, *inter alia,* a personal fan and gym shorts. Any such confiscation of personal property is beyond the scope of *this* lawsuit, and any allegations regarding confiscation of any personal property (that is not intimately related to the plaintiff's ability to litigate the instant case) is **DENIED**.

### Grievances

Staley has also made allegations regarding the prison's grievance system. Such allegations are beyond the scope of this suit and are therefore **DENIED**.

---

[1] It is also noted that the decision of where to house an inmate is generally to be left to the sound discretion of prison authorities without interference from the courts. However, if such transfers are the product of retaliation, they are actionable under Section 1983. Plaintiff is free to submit such claims in a new lawsuit provided he is otherwise in compliance with other provisions of law.

## Medical Profiles

In his September 6, 2007 response, plaintiff Staley makes a number of allegations regarding his medical profiles. To the extent he seeks judicial oversight of his medical issues, this request is beyond the scope of this lawsuit and is **DENIED**.

## Previous Discovery Issues

The court assumes that the parties complied with the provisions of the undersigned's Order dated July 11, 2007. Tab #54. If any party believes this assumption to be in error, that party is directed **WITHIN TEN (10) DAYS** of receipt of this order to advise the court — **as succinctly as possible** — the manner of noncompliance.[2]

This court will not revisit any of its previous rulings on discovery.

## Retaliation

The district judge's Order dated August 21, 2007, remanded that portion of the plaintiff's pleadings dealing with retaliation and/or harassment. It is the opinion of the undersigned that any claims of retaliation or harassment should be dealt with in a separate lawsuit. As stated above, the **only claim** remaining in this lawsuit is plaintiff's allegation of an assault that occurred in 2003. To permit plaintiff Staley to effectively amend his complaint to include allegations of retaliation subsequent to the alleged assault would necessitate the reopening of discovery, would no doubt require the addition of new defendants, and would cause this case to be before this court for more than **THREE YEARS**! There is no reason why plaintiff Staley should be permitted to amend his complaint to include actions that occurred years after his filing of this suit, particularly when he avenues are available to him to litigate such new allegations.

Accordingly, the undersigned will construe the plaintiff's allegations of retaliation and/or harassment — including those contained within the plaintiff's 5ᵀᴴ AUGUST, 2007, MULTIPLE MOTIONS (Tab #62) — as a motion to amend his complaint. Said motion is **DENIED**.

---

[2]The court notes that portions of the plaintiff's responses to the undersigned's August 23ʳᵈ order appear to allege that the defendants had not complied with previous discovery orders. However, the plaintiff's responses are so voluminous and deal with so many topics (the vast majority of which are in no way related to anything pending before this court) that the undersigned finds it impossible to make any findings regarding any such disputes.

### Motion for Extension of Discovery Period (Tab #70)

Finally, the defendants have asked that the court extend the discovery period for all defendants for the limited purpose of taking the plaintiff's deposition. The defendants also ask that they be permitted to file a single motion for summary judgment on behalf of all defendants. Plaintiff Staley has responded to the defendants' motion. Tab #74. In the view of the undersigned, plaintiff Staley will not be prejudiced by the court's granting the defendant's motion. Therefore, in the interest of judicial economy, defendants' motion is **GRANTED**.

The discovery period shall be re-opened for a period ending **April 25, 2008**, for the **limited purpose** of taking the plaintiff's deposition. Dispositive motions for all parties MUST be filed NO LATER THAN **May 26, 2008**.

### CONCLUSION

Plaintiff Staley's attempts to include in this case any claims regarding retaliation or harassment that are not intimately connected with the facts and circumstances involved in his original complaint (as amended) are **DENIED**.

The plaintiff's Motion for Protective Order (Tab #41), Motion to Clarify (Tab #62), and Motion for Reconsideration (Tab #63) are **DENIED**. The defendants' Motion for Discovery (Tab #70) is **GRANTED** to the extent noted above.

SO ORDERED this 21st day of MARCH, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE