IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD STALEY,<br><br>            Plaintiff<br>    VS.<br><br>JAMES DONALD, *et al.*,<br><br>            Defendants | NO.  5:05-CV-188 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# ORDER AND RECOMMENDATION

Currently before the court is the defendants' AMENDED MOTION FOR SUMMARY JUDGMENT. Tab #120.  This motion was originally filed by defendants JAMES E. DONALD and FREDERICK HEAD (Tab #104) and was later amended and adopted by defendant LATOYA KING.  The motion is supported by briefs, a statement of facts, affidavits, and several exhibits.  Plaintiff EDWARD STALEY has responded to this motion (Tab #141 - #146, and Tab #148) and the defendants have replied thereto (Tab #147).

**LEGAL STANDARDS**

A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

### B. Failure To Protect From Danger

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

**PROCEDURAL BACKGROUND**

Plaintiff Edward Staley initiated this action with the filing of his COMPLAINT on June 13, 2005. Tab #1. His COMPLAINT originally contained some eighteen (18) counts which alleged numerous violations of his constitutional rights by some forty-three (43) defendants. Following numerous exchanges with the court, the plaintiff's action has been limited to a single claim against the three remaining defendants wherein the plaintiff contends that his Eighth Amendment rights were violated when these defendants failed to protect him against an attack by another inmate at Autry State Prison where plaintiff was then housed. [2] Tab #87. Defendants subsequently filed and later amended the instant motion seeking summary judgment.

---

[2] Defendants Jane Doe, I and Jane Doe, II have yet to identified by the plaintiff and are therefore not considered in the foregoing statement.

**FACTUAL BACKGROUND**

According to plaintiff STALEY, on the morning of November 27, 2003, he witnessed Inmate Heyward steal some items from another inmate's cell. When the inmate whose property had allegedly been stolen returned from breakfast, the plaintiff informed him about the theft. This conversation was overheard by several other inmates. Shortly thereafter, two officers investigated the theft and searched unsuccessfully for the stolen goods. Following the initial investigation and search, plaintiff STALEY was asked to write a statement about what he had seen. In his statement, plaintiff identified Inmate Heyward as the person who committed the theft. Later that day, a sergeant came to speak to the plaintiff about his statement. During the interview, Inmate Heyward was heard yelling that plaintiff was a snitch and a child molester. Plaintiff told the sergeant that because of this incident, he was afraid that he may end up getting hurt. Plaintiff did not, however, ask to be placed in protective custody nor did he identify any other inmate other than Inmate Heyward of whom he was afraid of retribution.

Later that afternoon, the plaintiff spoke to both the floor officer and control room officer about a so called history of assaults that had occurred in G-2. According to plaintiff, while he was speaking to the officers, Inmate Heyward was standing behind him and heard everything he had to say. At the time of the conversation, however, plaintiff claims that he was unaware of Inmate Heyward's location.

Later that evening, while plaintiff was on the phone with his mother, Inmate Brown stood behind him. After plaintiff had been on the phone for a few moments, Inmate Brown spat on the plaintiff. Plaintiff STALEY claims that at this time he "hollered" for help but that there were no floor officers nearby and that the control room officer did nothing. Inmate Brown then spat on the plaintiff twice more. Immediately thereafter, Inmate Brown hit the plaintiff on the head rendering him unconscious. Plaintiff has stated that the time between the first spitting and the blow to the head was between three to four minutes and that, prior to the assault, he did not know Inmate Brown. .

**DISCUSSION**

The defendants, in their **MOTION FOR SUMMARY JUDGMENT**, contend that the plaintiff has failed to state a constitutional claim against them.  The undersigned agrees.  As noted above, in order to state a claim for failure to protect, an inmate must demonstrate that a prison official was deliberately indifferent to a substantial risk of serious harm to the inmate.  *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994).  In the instant case, there is no evidence that the defendants had any notice, actual or subjective, that Inmate Brown posed a substantial risk of serious harm to the plaintiff.  Plaintiff did not even know Inmate Brown.  As it is impossible to be deliberately indifferent to an unknown danger, it appears that the defendants' argument is correct and that they are entitled to summary judgment. Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be GRANTED.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Also before the court are plaintiff's MOTION TO REMEDY LAW LIBRARY INADEQUACIES (Tab #135), MOTION TO STAY PLAINTIFF'S RESPONSE DEADLINE (Tab #138), and MOTION TO ADOPT INTO THIS RECORD ALL FILINGS WHICH MIGHT ASSIST THIS CASE FROM THE CASE RECORD IN THE ALBANY DIVISION (Tab #140).  In light of the foregoing RECOMMENDATION, it is ORDERED that these motions be DENIED as moot.

SO ORDERED AND RECOMMENDED this 6th day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE